UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARREN PARKER,

                         Movant,

       -against-

UNITED STATES OF AMERICA,

                         Respondent.

ORDER

21-CV-9558 (PMH)

20-CR-00224-2 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Movant Darren Parker, currently held in the Westchester County Jail, brings this *pro se* action, challenging the legality of his sentence entered in *United States v. Nicholas, et al.*, No. 20-CR-00224-2 (PMH) (S.D.N.Y. Oct. 21, 2021). For the reasons set forth below, the Court directs Mr. Parker to inform the Court within 60 days whether he intends his application to be treated as a notice of appeal of his judgment of conviction. If Mr. Parker does not intend his application to be treated as a direct appeal, or does not respond indicating that he wishes to withdraw his application, the Court will construe the application as a motion under 28 U.S.C. § 2255.

      Mr. Parker pled guilty to one count of conspiring to distribute and possess with intent to distribute 40 grams and more of fentanyl, and the Court sentenced him, by judgment entered on October 25, 2021, to 60 months' imprisonment followed by 4 years' supervised release. On October 28, 2021, three days after judgment was entered, Mr. Parker filed this application, and it is unclear if he intended it to be his notice of appeal or a motion under 28 U.S.C. § 2255. Mr. Parker uses the court's form AO 243, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody, but has crossed out "§ 2255" in the form's caption and replaced it with "§ 2241." (Doc. 1 at 1). In his application, Mr. Parker raises a number of constitutional claims including that the Court lacked subject matter jurisdiction, the indictment

was defective, his due process rights were violated, and counsel was unconstitutionally ineffective. On November 19, 2021, the Court received an additional submission from Mr. Parker, which he describes as a "memorandum with more issues and grounds to the current habeas corpus I have submitted to your federal court." (Doc. 2).

Although Mr. Parker labels his application as a petition under Section 2241, it appears that he may have intended to file a direct appeal. For example, he states that he is "appealing [his] conviction to 21 U.S.C. §§ 841(A)(1) and 846." (Doc. 1 at 13). Moreover, Mr. Parker asserts grounds for relief that he may be required to exhaust before bringing in a postconviction motion or petition. *See Massaro v. United States*, 538 U.S. 500, 503 (2003) (discussing the "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petition shows cause and prejudice"). Because Mr. Parker filed his application within 14 days of entry of judgment, it would be timely if construed as a notice of appeal.

If Mr. Parker does not intend his application to be a direct appeal, the Court must construe it as a motion under 28 U.S.C. § 2255 because he challenges his conviction and sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). Therefore, unless Mr. Parker notifies the Court in writing that he wishes his application to be treated as an appeal or that he wishes to withdraw it, the Court will construe his application as a motion under Section 2255. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Mr. Parker will have one opportunity within the limitations period to bring a Section 2255 motion.

**CONCLUSION**

The Court directs Mr. Parker, within 60 days, to notify the Court whether he intends his application to be a notice of appeal of his judgment of conviction or whether he wishes to withdraw his application. If Mr. Parker does not inform the Court of his intent within 60 days, the Court will treat the application as a motion under 28 U.S.C. § 2255.

No answer shall be required at this time.

Because Mr. Parker has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Parker and note service on the docket.

SO ORDERED.

Dated:   White Plains, New York
         November 23, 2021

                                                          _____
                                                          PHILIP M. HALPERN
                                                          United States District Judge

3