UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARREN PARKER,

                Movant,

      -against-

UNITED STATES OF AMERICA,

                Respondent.

**<u>OPINION AND ORDER</u>**

21-CV-09558 (PMH)

20-CR-00224-2 (PMH)

PHILIP M. HALPERN, United States District Judge:

Darren Parker ("Petitioner"), moves *pro se* under Federal Rule of Civil Procedure 60(b) to "reopen judgment on [his] previously denied habeas petition." (Doc. 28 at 1). The Court directed the Government to file opposition to the motion, which it did on November 2, 2025. (Doc. 31). Petitioner filed reply on December 15, 2025 and March 13, 2026 (Doc. 37, Doc. 38), and then filed on the civil docket his reply in response to the Government's opposition to early termination of probation on April 13, 2026 (Doc. 39).[1]

For the reasons set forth below, the motion is DENIED. Given the extensive history in this matter, the Court assumes the parties' familiarity with the factual background and procedural history and recites only those facts which are germane to Petitioner's instant motion.

<b><u>ANALYSIS</u></b>

I.      <u>Federal Rule of Civil Procedure 60(b)</u>

Petitioner moves for relief under Rules 60(b)(1), (3), (4), and (6) to reopen and vacate the Court's April 5, 2022 Memorandum Opinion and Order (Doc. 17) and attendant Clerk's Judgment (Doc. 18) (together, the "Judgment"), which denied Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 17). "Relief under Rule 60(b) is generally not

---

[1] The motion for early termination of probation was filed on March 13, 2026 on the criminal docket, No. 20-CR-00224. The Government filed opposition thereto on March 20, 2026. This Opinion and Order does not address Mr. Parker's separate motion for early termination of probation.

favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010).[2] As a threshold matter, motions under Rule 60(b)(1) or (3) must be brought within a year of the entry of judgment, and motions brought under Rule 60(b)(4) or (6) must be "'made within a reasonable time.'" *Spurgeon v. Lee*, No. 11-CV-00600, 2019 WL 569115, at *2 (E.D.N.Y. Feb. 11, 2019) (quoting Fed. R. Civ. P. 60(c)). "The Second Circuit has found delays as short as 18 months unreasonable and thus untimely." *Id.*; s*ee also Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76 (2d Cir. 1995) (finding district court did not abuse its discretion in denying relief under Rule 60(b) where delay was over one year).

More than three years after this Court's Judgment and more than two years after the Second Circuit affirmed that decision (Doc. 21), Petitioner seeks to vacate the Judgment under Rule 60(b). The Court is therefore well within its authority to and does deny the motion as untimely.

Even if Petitioner's motion was timely, it would fail on the merits. "Rule 60(b) does not provide a party with the opportunity to relitigate the merits of a case in an attempt to win a point already carefully analyzed and justifiably disposed." *Esposito v. New York*, No. 07-CV-11612, 2012 WL 5499882, at *2 (S.D.N.Y. Nov. 13, 2012). This motion impermissibly "attacks the [Court's] previous resolution of a claim on the merits." *United States v. Polanco*, No. 23-7664, 2025 WL 1276131, at *2 (2d Cir. May 2, 2025). Petitioner contends that he is not "seek[ing] to relitigate the conviction" (Doc. 28 at 11), but the thrust of his argument is that he would have been entitled to relief if the Court had considered the arguments in his habeas petition. This can be construed as "a challenge to [Petitioner's] underlying conviction and sentence, rather than an attack on the integrity of the Section 2255 proceedings as required under Fed. R. 60(b)." *Rodriguez*

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

*v. United States*, 164 F. Supp. 3d 561, 567 (S.D.N.Y. 2016). Petitioner argues that the Judgment should be vacated because: (1) the Court denied his petition as untimely; (2) the prosecution relied on wiretap evidence obtained in violation of the Fourth Amendment; (3) the plea was induced by false and misleading advice; (4) the Court lacked subject matter jurisdiction, and (5) his "over-detention, denial of FSA credits, and exposure to COVID-19 constitute extraordinary circumstances that justify equitable relief." (Doc. 28 at 12). Even a cursory review of the April 5, 2022 Memorandum Opinion and Order reveals that the Court did not deny his petition as untimely. Rather, it addressed on the merits the second, third, and fourth arguments he now repeats (Doc. 17 at 14-17); and with respect to his fifth claim, "matters such as [] computation of a prisoner's sentence by prison officials" are properly litigated in a "petition against the warden of the facility . . . in the judicial district in which the facility is located." *United States v. Christie*, No. 08-CR-01244, 2023 WL 8720281, at *1 (S.D.N.Y. Dec. 18, 2023).

"Since these arguments have been raised already, they are fundamentally a challenge to [Petitioner's] underlying conviction and sentence, rather than an attack on the integrity of the Section 2255 proceedings as required under Rule 60(b)." *Rodriguez*, 164 F. Supp. 3d at 567. Thus, the Court would be well within its authority to and does deny this motion as beyond the scope of Rule 60(b). *Id.*; *see also Gonzalez*, 545 U.S. at 532 (motion characterized as a successive petition as opposed to a Rule 60(b) motion where allegations represent a claim that attacks the court's "previous resolution of a claim on the merits").

Even considered a Rule 60(b) motion, Petitioner's motion fails because Petitioner has not met his burden to secure relief under Rule 60(b). "Pro se litigants are not . . . excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion."

3

*Esposito*, 2012 WL 5499882, at \*2. "The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel." *Id.*

With respect to Rule 60(b)(1), a judgment may be vacated due to "mistake, inadvertence, surprise, or excusable neglect . . . ." Petitioner for this branch of his motion contends that the Court denied his habeas petition as untimely. (Doc. 28 at 12). As set forth above, that assertion is simply false. (*See* Doc. 17).

With respect to 60(b)(3), Petitioner fails to meet his burden to "show that (1) the adverse party engaged in fraud, misrepresentation or misconduct by clear and convincing evidence and that (2) such misconduct substantially interfered with [his] ability to fully and fairly present [his] case." *Deng v. New York State Off. of Mental Health*, No. 13-CV-06801, 2018 WL 11176016, at \*2 (S.D.N.Y. July 18, 2018), *aff'd* , 783 F. App'x 72 (2d Cir. 2019); *see also Reid v. City of New York*, No. 20-CV-00644, 2024 WL 36880, at \*3 (S.D.N.Y. Jan. 3, 2024) ("Plaintiff also cannot rely on Rule 60(b)(3) because he does not allege any 'fraud . . . , misrepresentation, or misconduct' by Defendants." (quoting Fed. R. Civ. P. 60(b)(3))). Petitioner argues the prosecution relied on, *inter alia*, unlawfully obtained wiretap evidence and induced Petitioner into a plea under false pretenses, but these conclusory allegations do not constitute a basis for relief under Rule 60(b)(3). *See Deng*, 2018 WL 11176016, at \*2. In any event, this argument fails for the same reasons the Court rejected this argument in its April 5, 2022 Memorandum Opinion and Order. (*See* Doc. 17 at 15).

Rule 60(b)(4) authorizes a court to relieve a party from a final judgment only if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void "in only two circumstances": "The movant must demonstrate either a certain type of jurisdictional error or a violation of due process that deprives a party of notice or the opportunity to be heard." *Sec. & Exch. Comm'n v. Allaire*,

4

No. 03-CV-04087, 2019 WL 6114484, at *2 (S.D.N.Y. Nov. 18, 2019), *aff'd sub nom. Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166 (2d Cir. 2021). Petitioner has not shown that the Judgment is void so as to warrant relief under Rule 60(b)(4). *See id.* ("Relief from a judgment pursuant to Rule 60(b)(4) will be rare[.]"). For all the reasons the Court previously articulated in the April 5, 2022 Memorandum Opinion and Order, the Court did not lack subject matter jurisdiction, nor was there a lack of federal nexus in connection with the crimes charged. (*See* Doc. 17 at 14-15). This Judgment has also been affirmed by the Second Circuit following Petitioner's direct appeal. (*See* Doc. 21). The Court's Judgment is simply not void.

Rule 60(b)(6), the catchall provision, permits the Court to grant relief for "any other reason that justifies" doing so. Fed. R. Civ. P. 60(b)(6). Petitioner has not shown any "extraordinary circumstances" entitling him to relief under Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005); *see also Knight v. City of New York*, No. 19-CV-04022, 2020 WL 3961969, at *3 (S.D.N.Y. July 13, 2020) (denying Rule 60(b)(6) motion where plaintiff failed to demonstrate "extraordinary circumstances"). Petitioner's contention that he was denied "FSA credits" or detained too long, is not a proper subject of a Rule 60(b) motion, and in any event, it appears he has already received such relief through credits granted by the warden at FCI Danbury which adjusted Petitioner's projected release date from February 11, 2025 to August 15, 2023. (*See* Doc. 31 (citing *Darren Parker v. Jeremy Nash*, 23-CV-00183 (D. Conn. May 4, 2025) (Doc. 12))).

## CONCLUSION

For the foregoing reasons, Petitioner's Rule 60(b) motion to vacate the Judgment is DENIED.

The Clerk of Court is respectfully requested to terminate the motion pending at Doc. 28.

**SO ORDERED:**

Dated: White Plains, New York
        April 20, 2026

_____

Philip M. Halpern
United States District Judge