UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

DARREN PARKER,

Defendant.

**OPINION AND ORDER**

20-CR-00224-2 (PMH)

PHILIP M. HALPERN, United States District Judge:

Defendant Darren Parker ("Parker") moves *pro se* seeking early termination of his supervised release. (Doc. 149, the "Motion").[1] On March 30, 2026, the Government filed a letter opposing the Motion. (Doc. 151, "Gov't Opp."). On April 13, 2026, Mr. Parker filed a reply letter in further support of his Motion. (Doc. 152, "Reply").[2]

For the reasons set forth below, the Motion is DENIED. Given the extensive history in this matter, the Court assumes the parties' familiarity with the factual background and procedural history and recites only those facts which are germane to the Motion.

## BACKGROUND[3]

Mr. Parker was part of an active and industrious narcotics conspiracy in Poughkeepsie, New York. (PSR ¶¶ 11-16). On March 25, 2020, agents from the U.S. Drug Enforcement Administration ("DEA") arrested Mr. Parker on an Indictment, which charged him with, *inter alia*, conspiring to distribute and possess with intent to distribute fentanyl in violation of 21 U.S.C. §§

[1] Mr. Parker's Motion states that he is seeking early termination of probation under 18 U.S.C. § 3564(c). As discussed *supra*, the Court sentenced Mr. Parker to a term of 60 months of imprisonment to be followed by four years of supervised release. Therefore, the Court construes the Motion as seeking early termination of supervised release under 18 U.S.C. § 3583(e)(1).

[2] Citations to the parties' filings correspond to the pagination generated by ECF.

[3] The Court draws the background facts principally from the record of the underlying criminal proceeding, including the Presentence Investigation Report ("PSR") dated February 1, 2021, prepared by Probation Officer Sandra Campbell, in connection with Mr. Parker's sentencing (Doc. 55, "PSR") and the parties' submissions.

841(a)(1), (b)(1)(A), and 846. (PSR ¶¶ 1-2, 17). The Government's investigation revealed that Mr. Parker had ordered at least approximately 220 grams of fentanyl. (*Id.* ¶¶ 1-2, 16).

On November 10, 2020, Mr. Parker appeared before this Court and pled guilty to the lesser included offense charged in Count One of the Indictment of conspiring to distribute and possess with intent to distribute 40 grams and more of mixtures and substances containing a detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (*Id.* ¶ 5). On October 21, 2021, Mr. Parker appeared before this Court for sentencing. (Doc. 102, "Sent. Tr."). The Court sentenced Mr. Parker to the statutory mandatory minimum term of 60 months' imprisonment to be followed by a term of four years of supervised release. (*Id.* at 15-22). On April 5, 2022, the Court dismissed Mr. Parker's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence and denied his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 129). On April 20, 2026, the Court denied Mr. Parker's motion brought under Federal Rule of Civil Procedure 60(b) to "reopen judgment on [his] previously denied habeas petition." (Doc. 153). According to the Government, Mr. Parker's term of supervised release began on September 28, 2023 and is scheduled to expire on September 28, 2027. (Gov't Opp. at 1).[4]

On March 27, 2024, the Probation Office notified the Court in a sealed filing that Mr. Parker was arrested on January 30, 2024 and charged with Obstruction of Government Administration in the second degree, False Personation and Aggregated Unlicensed Operation of a Motor Vehicle in the Second Degree. On March 28, 2024, the Court approved Probation's recommendation that no action be taken in response to the arrest.

---

[4] The Probation Office stated in its March 27, 2024 correspondence that Mr. Parker commenced his term of supervised release on August 15, 2023.

## STANDARD OF REVIEW

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When assessing a motion for early termination of supervised release, the Court must also consider certain § 3553(a) factors. *See United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997).[5] These factors include "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." *Id.* at 35.[6]

A district court is not required "to make specific findings of fact with respect to each of the Section 3553(a) factors." *United States v. Torres*, No. 21-2511-cr, 2022 WL 17087048, at *3 (2d Cir. 2022). "[A] statement that the district court has considered the statutory factors is sufficient." *Id.* The Court must also make an "individualized assessment of the need for ongoing supervision" under the November 2025 Sentencing Guidelines. *See* U.S.S.G. § 5D1.4(b). The Sentencing Commission, in the November 2025 Sentencing Guidelines amendments, also issued a policy statement outlining a non-exhaustive list of factors that courts may wish to consider when determining whether to terminate supervised release. *See* U.S.S.G. § 5D1.4(b), comment n.1(B).[7]

---

[5] Unless otherwise noted, all case quotations omit internal quotation marks, citations, alterations, and footnotes.

[6] 18 U.S.C. § 3583(e) provides that a district court may terminate a term of supervised release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."

[7] These factors are:

> (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges); (iii) the defendant's substantial compliance with all conditions of supervision; (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period

"The burden of proof for establishing entitlement to early termination of supervised release lies with the defendant." *United States v. Weiss*, No. 21-CR-00457, 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022). "Early termination is not warranted as a matter of course, and decisions regarding termination of supervised release are within the discretion of the district court." *United States v. Fernandez*, No. 10-CR-00905, 2025 WL 3687434, at *1 (S.D.N.Y. Dec. 19, 2025). "Supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

The Second Circuit, in *Lussier*, observed that "[o]ccasionally, changed circumstances — for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release" may justify modification of the terms of supervised release. 104 F.3d at 36. The Second Circuit has also clarified that "[s]o long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). Accordingly, "the plain language of *Lussier* . . . does not require new or changed

---

> of supervision; (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; (vi) and whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4(b), comment n.1(B).

circumstances relating to the defendant in order to modify conditions of release, but simply recognizes that changed circumstances may in some instances justify a modification." *Id.*

## ANALYSIS

Mr. Parker seeks early termination of supervised release because he alleges that he has completed more than half of his four-year term of supervised release, he has complied with all conditions of supervised release, his conduct on supervised release demonstrates rehabilitation, and continued supervision is no longer necessary to achieve the purposes of sentencing. (Motion at 1-2). The Government and Probation oppose the early termination of supervised release because Mr. Parker has not complied with all terms of supervision in light of a positive drug test for marijuana and because there are no other compelling factors weighing in favor of early termination. (Gov't Opp. at 1). Mr. Parker denies that he has tested positive for marijuana. (Reply at 1).[8]

Based on the Court's consideration of the relevant factors under Section 3553(a), in particular the serious nature of Mr. Parker's offense and the need to continue to protect the public, and after considering the application note to Section 5D1.4(b), early termination of Mr. Parker's supervised release is not warranted at this time. Nor is it in the interest of justice.

As the Court stated at Mr. Parker's sentencing, the nature of the offense of conspiring to distribute and possess with intent to distribute 40 grams and more of fentanyl was very serious as these drugs are lethal and had the potential to cause widespread harm to the community. (Sent. Tr. at 17). The instant offense also represented Mr. Parker's ninth criminal conviction. (*Id.* at 21; PSR ¶¶ 34-41). The serious nature of a defendant's offense necessitating supervised release in the first

[8] The Court has confirmed with Mr. Parker's Probation Officer that he has not tested positive for marijuana during his term of supervision.

place may weigh against the early termination of supervised release. *See United States v. Rummings*, No. 19-CR-06139, 2026 WL 805627, at *3 (W.D.N.Y. Mar. 24, 2026) (denying early termination of supervised release based in part on the serious nature of the defendant's drug trafficking crimes); *United States v. Gonzalez*, No. 25-CR-00483, 2025 WL 3274491, at *3 (S.D.N.Y. Nov. 25, 2025) (same).

Mr. Parker also has not demonstrated why early termination of supervised release is appropriate other than his general assertions that he has complied with the terms of supervised release. Courts in this Circuit have consistently declined to grant motions for termination of supervised release where defendants have "done nothing more than what is expected of all criminal defendants." *United States v. Liriano*, No. 91-CR-00908, 2010 WL 532517, at *1 (S.D.N.Y. Feb. 11, 2010); *see also United States v. Tirado*, No. 15-CR-00487-5, 2026 WL 1088721, at *3-4 (S.D.N.Y. Apr. 22, 2026) ("Compliance with the terms of supervised release is to be expected and is not a basis alone to terminate supervised release" absent "extraordinarily good behavior or unforeseen circumstances"); *United States v. Berrios*, No. 95-CR-00084, 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (denying early termination of supervised release because defendant's good conduct was not "exceptional" or "new or unforeseen"); *United States v. Kassim*, No. 15-CR-00554, 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020); ("[F]ull compliance with the terms of supervised release, without more, generally does not warrant early termination . . . [because] if every defendant who complied with the terms of a supervised release were entitled to early termination, the exception would swallow the rule.").

The Court commends Mr. Parker's good behavior and general compliance with his supervision terms. General compliance and good behavior, however, were similarly fully expected of him and therefore do not warrant early termination of supervised release. The serious nature of

the offense and the need to continue to protect the public also weigh against early termination of supervised release.

## CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release is DENIED. The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 149, and mail a copy of this Opinion and Order to Mr. Parker at 60 Lent Street, Apartment 2, Poughkeepsie, New York 12601.

**SO ORDERED:**

Dated: White Plains, New York
September 8, 2026

Philip M. Halpern
United States District Judge